963 F.2d 367
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Donald E. DERFLINGER, Plaintiff-Appellant,
v.
FORD MOTOR COMPANY, Defendant-Appellee.
Donald E. DERFLINGER, Plaintiff-Appellee,
v.
FORD MOTOR COMPANY, Defendant-Appellant.
 Nos. 91-1606, 91-1629.
 United States Court of Appeals,
Fourth Circuit.
 Argued: April 6, 1992
Decided: May 27, 1992
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CA-87-502-R)
 Argued: Kennon C. Walden, Jr., Walden & Walden, P.C., Blackstone, Virginia, for Appellant.
 David Henry Worrell, Jr., McGuire, Woods Battle & Boothe, Richmond, Virginia, for Appellee.
 On Brief: Deborah M. Russell, Shannon E. Sinclair, McGuire, Woods, Battle & Boothe, Richmond, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 In this product liability action, appellant challenges the district court's response to a note the court received from the jury during its deliberations. We affirm.
 
 
 2
 Appellant Donald Derflinger owned a 1951 Model 8N tractor manufactured by appellee Ford Motor Co. In 1985, he attempted to tow a car from a wooded area using the tractor by "high hitching"-pulling a load from a point above the tractor's rear axle. As a result of the high hitching, as the tractor pulled the load the front end raised up and tipped over rearward, falling on Derflinger and injuring him.
 
 
 3
 Derflinger then filed this diversity action against Ford. At the second trial-the district court granted Derflinger's new trial motion after the first trial resulted in a jury verdict for Ford-the jury, during its deliberations, sent a note to the district court that read as follows: "We feel Both Defendant & Plaintiff were Negligent-As we Interperet [sic ] The Instructions Therefore No Award Is Appropiate [sic ] Is This Correct?" The court then said the following to counsel:
 
 
 4
 I have received a communication from the jury, and I have interpreted that the jury is having a problem with one of the concepts explained in the instructions and I'm simply going to reinstruct. And what I will do, I'm going to give the negligence elements again, and then the contributory negligence instructions. Definition of contributory negligence, burden of proof, and parties' negligence not compared. And that's what they are asking for.
 
 
 5
 Neither party objected to the court's proposed course of conduct, and neither asked to be shown the note or be informed of its contents. After the court re-instructed the jury as it indicated it would, counsel for Derflinger asked the court, "Your Honor, are we allowed to know what the question was?" The court responded,"I'm going to make it a part of the appellate record, and I will let you know. I'm not going to tell you now, but it is part of the record." Derflinger's counsel responded, "I understand." One minute after departing the courtroom following re-instruction, the jury returned with a verdict for Ford. The district court denied Derflinger's motion for a new trial.
 
 
 6
 Derflinger argues that the court's failure to allow counsel to review the note or be told of its substance is reversible error, and he relies on Fillippon v. Albion Vein Slate Co., 250 U.S. 76 (1919). He claims that the district court misconstrued the note: according to Derflinger, the jury was confused not about negligence and contributory negligence-as the court thought-but about proximate causation. He claims that the court's failure to re-read the instruction on proximate causation resulted in the jury verdict for Ford.
 
 
 7
 We hold that Derflinger waived his right to challenge the district court's handling of the jury's note and the re-instruction by failing to object at trial. The essence of the controversy involves the reinstruction of the jury. Fed. R. Civ. P. 51 provides: "No party may assign as error the giving or failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." Allowing Derflinger to challenge the re-instruction in this case would undermine the intended function of Rule 51. "The purpose of Rule 51 is to prevent unnecessary new trials because of errors the judge might have corrected if they had been brought to his attention at the proper time." City of Richmond v. Madison Mgmt. Group, Inc., 918 F.2d 438, 454 (4th Cir. 1990) (internal quotations omitted). Here Derflinger could have allowed the district court to avoid the alleged error simply by asking to see the note or be apprised of its contents; likewise, he could have averted any error in re-instruction by asking for additional or different material to be re-read. Having decided to forego either course and instead gamble that the jury's verdict would be favorable to him, he will not be heard now to complain.
 
 
 8
 Furthermore, we find it difficult to conceive how Derflinger was prejudiced by the re-instruction. Although the court did not re-read the proximate causation instruction, what it did read mentioned proximate cause four separate times. Thus, the jury was plainly made aware that proximate cause was necessary to a finding of contributory negligence.
 
 
 9
 Given our disposition of Derflinger's appeal, we need not address the issues raised in Ford's cross-appeal. The judgment of the district court is
 
 
 10
 AFFIRMED.